

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 19, 2020

**By ECF**

Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Madjitov v. United States of America, et al.*, 20-cv-4394 (FB) (RER)

Dear Judge Block:

  This Office writes on behalf of the United States of America in the above-referenced matter, in which Plaintiff alleges tort claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2671, *et seq.* and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"). The Government submits this letter in opposition to Plaintiff's motion for a temporary restraining order ("TRO") and a preliminary injunction ("PI"). *See* Dkt. Entry No. 4. Although styled as a motion for a TRO and a PI, Plaintiff's request is actually a petition for habeas corpus seeking a stay of Plaintiff's removal.

  The Government respectfully submits that the Court should deny the petition because (1) Plaintiff's request for emergency relief is improperly venued in the Eastern District of New York, when it should be brought in the district of physical confinement (to wit, the Western District of Louisiana); and (2) this Court does not have subject matter jurisdiction, under 8 U.S.C. § 1252, to issue a stay of removal.[1]

**I. Factual and Procedural Background**

  On March 12, 2006, Plaintiff, a native of Uzbekistan, entered the United States pursuant to a P-3 Visa. Compl. ¶ 17. Plaintiff's Visa expired on or around July 20, 2006, but he remained in the United States unlawfully beyond his authorized stay. *Mamadjonova v. Barr*, 2019 U.S. Dist. LEXIS 200922, at *2 (D. Conn. Nov. 20, 2019). On December 12, 2006, Plaintiff filed for asylum, which was initially denied by an immigration judge ("IJ") on August 31, 2011. Compl. ¶ 18. The IJ denied Plaintiff's petition for asylum a second time on May 17, 2013, issuing an order of removal. *Mamadjonova*, 2019 U.S. Dist. LEXIS 200922, at *2. "In his Decision, the IJ made an adverse credibility assessment of [Plaintiff], finding his testimony and written submissions

---

[1] This opposition only addresses the portion of this matter that seeks immediate relief in the form of a stay of Plaintiff's removal. The Government reserves its right to assert defenses regarding the FTCA and *Bivens* claims.

contradictory, and several of his explanations regarding his departure from Uzbekistan not credible." *Id*. at *2-3. Plaintiff appealed, and on July 24, 2014 the Board of Immigration Appeals ("BIA") affirmed the IJ's findings. *Id*. at *3. "The BIA also denied a follow-on motion for reconsideration on October 31, 2014." *Id*. Plaintiff has been subject to a final order of removal since 2014. Compl. ¶ 18.

On December 22, 2017, Immigration and Customs Enforcement ("ICE") detained Plaintiff in connection with his final order of removal. *Mamadjonova*, 2019 U.S. Dist. LEXIS 200922, at *4. On January 17, 2018, Plaintiff filed with the BIA a motion to reopen and a motion to stay removal, and on March 2, 2018, he filed an amended motion to reopen. Compl. ¶ 30. On May 25, 2018, the BIA denied the motions to reopen and to stay removal. *Mamadjonova*, 2019 U.S. Dist. LEXIS 200922, at *5. On June 1, 2018, Plaintiff filed a second motion to reopen, along with a motion for stay of removal. *Id*. On May 31, 2019, the BIA denied the stay of removal, and on September 13, 2019, denied Plaintiff's second motion to reopen. *Id*. at *7, *10.

On July 30, 2018, Plaintiff filed a petition for writ of habeas corpus in the Northern District of Alabama and filed a second petition in the same case on May 13, 2019. *See Madjitov v. Hassel*, No. 4:18-cv-1188 (N.D. Ala.). The court dismissed that case on May 21, 2019. *See id*.

On June 7, 2019, Plaintiff filed a petition for review in the U.S. Court of Appeals for the Third Circuit seeking review of the BIA's denial of his motion to stay removal. *See Madjitov v. Attorney General*, No. 19-2327 (3d Cir. June 7, 2019). On June 10, 2019, the Third Circuit granted a temporary stay of removal but vacated the stay and dismissed the petition for lack of jurisdiction on July 30, 2019. *See id*.

On August 5, 2019, Plaintiff filed a petition for writ of habeas corpus in the U.S. District Court for the Western District of Louisiana. *See Madjitov v. Barr et al.*, No. 1:19-cv-1012 (W.D. La.). Plaintiff subsequently filed a motion to withdraw this petition without prejudice, which the district court granted on December 27, 2019. *See id*.[2]

On August 26, 2019, Plaintiff filed petition for writ of habeas corpus, along with a motion for a temporary restraining order and preliminary injunction in the U.S. District Court for the District of Connecticut. *Mamadjonova*, 2019 U.S. Dist. LEXIS 200922, at *8-9. On November 20, 2019, the district court denied Plaintiff's habeas petition in its entirety, concluding that it lacked subject matter jurisdiction over the petition pursuant to this Court's decision in *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011) and 8 U.S.C. § 1252(g). *See Mamadjonova*, 2019 U.S. Dist. LEXIS 200922, at *14-22.

On November 27, 2019, Plaintiff filed an appeal to the U.S. Court of Appeals for the Second Circuit. *Mamadjonova v. Barr*, 19-3971 (2d Cir.). That same day, Plaintiff also filed a motion for a stay of removal in the Second Circuit, making similar arguments that are made in this matter. *See id*., Document No. 10. On January 21, 2020, the Second Circuit denied Plaintiff's

---

[2] As set forth in section II below, the Western District of Louisiana is the proper venue for such a petition.

motion for a stay of removal. *Mamadjonova*, No. 3:19-cv-1317 (VLB), (D. Conn), Document No. 35. Plaintiff's appeal of the decision from the District of Connecticut is pending in the Second Circuit.

On September 30, 2019, Plaintiff filed a petition for review of the BIA's September 13, 2019 denial with the Eleventh Circuit Court of Appeals.[3] *Mamadjonova*, 2019 U.S. Dist. LEXIS 200922, at *11. On November 6, 2019, Plaintiff filed a motion in that case to stay his removal, which the Eleventh Circuit denied on November 25, 2019. *See Madjitov v. United States AG*, 2019 U.S. App. LEXIS 35293 (11th Cir. Nov. 25, 2019). On November 27, 2019, Plaintiff filed a motion for reconsideration, which was denied on February 11, 2020. *See Madjitov v. United States AG*, 2020 U.S. App. LEXIS 4295 (11th Cir. Feb. 11, 2020). On September 14, 2020, the Eleventh Circuit affirmed the BIA's denial of Plaintiff's motion to reopen removal proceedings. *See Madjitov v. United States AG*, 2020 U.S. App. LEXIS 29066 (11th Cir. Sept. 14, 2020).

On September 18, 2020, Plaintiff – while in ICE custody in Louisiana – filed this lawsuit, accompanied by a motion for a TRO to stay his removal. Dkt. Entry Nos. 1, 4. As set forth in the Complaint, at the time the Complaint and the motion for a TRO was filed, Plaintiff was in ICE custody in the Western District of Louisiana. See Dkt. Entry No. 1 at ¶ 27; Dkt. No. 4-1 at 4 (noting that Plaintiff is "currently at an ICE 'staging center' in Alexandria, Louisiana," which is in the Western District of Louisiana).[4] For the reasons set forth below, Plaintiff's request to stay his removal should be dismissed for lack of jurisdiction and improper venue.

## II. Plaintiff's Motion for a Stay of Removal Should Not Be Heard in the Eastern District of New York

This Court should sever and transfer the immigration portion of the case because jurisdiction, or, alternatively, venue, is not proper in this Court. Since the venue for a habeas petition is governed by the location of the petitioner's custodian on the date the petition is filed, venue for Plaintiff's motion for emergency relief—which is effectively, yet another habeas petition filed on his behalf—is only proper in the Western District of Louisiana. *See* 28 U.S.C. §§ 2242, 2243 ("The writ, or order to show cause[,] shall be directed to the person having custody of the person detained."). Plaintiff is now trying to shop for relief in this venue when all other avenues failed. Specifically, Plaintiff seeks to improperly bootstrap a motion to stay his removal to an action sounding in tort. As noted *supra*, Plaintiff has filed motions to stay in three different district courts and three different circuit courts, and each court – including the Second Circuit earlier this year – has denied Plaintiff's request to stay his removal. As discussed below, Plaintiff cannot now

---

[3] "[Plaintiff] asserted in the petition that the Eleventh Circuit had jurisdiction 'pursuant to 8 U.S.C. §1252(a)(1)/§309(c) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") as amended by §106 of the REAL ID Act of 2005,'" and "also asserted that venue was proper in the Eleventh Circuit 'pursuant to 8 U.S.C. §1252(b)/IIRIRA §309(c)(4)(D) because ICE completed proceedings in Florida, within the jurisdiction of this judicial circuit.'" *Mamadjonova*, 2019 U.S. Dist. LEXIS 200922, *11.

[4] It does not appear that Plaintiff has formally served the Government, but Plaintiff emailed the motion for a TRO on the night of Friday, September 18.

3

try to bring a motion for habeas relief in this district. *See Coronado v. Attorney General*, No 19-CV-3782 (E.D.N.Y. July 11, 2019) (Chen, J.) (denying motion for a TRO because "Petitioner is currently in the custody of U.S. Immigration and Customs Enforcement at a detention facility in Alexandria, Louisiana" and "[b]ecause jurisdiction for a habeas petition filed pursuant to 28 U.S.C. § 2241 'lies only in the district of [Petitioner's] confinement,' *Freire v. Terry*, 756 F. Supp. 2d 585, 586 (S.D.N.Y. 2010), this Court has no authority to grant Petitioner the relief he seeks in his § 2241 petition").

    A.  This Court Does Not Have Subject Matter Jurisdiction Over This Action

A district court must dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." *Cortlandt St. Recovery Corp v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 418 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). A district court may grant writs of habeas corpus only "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has held that "in habeas challenges to present physical confinement – 'core challenges' – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official" and "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 443 (2004) ("the immediate custodian rule applies to core habeas challenges to present physical custody. By definition, the immediate custodian and the prisoner reside in the same district."). "[I]n the ordinary case of a single physical custody within the borders of the United States, where the objection has not been waived by the Government, the immediate-custodian and territorial-jurisdiction rules must apply." *Id.* at 452, 453-54 (Kennedy, J., concurring).

While the Supreme Court did not clarify whether this is a jurisdictional issue or one of venue, s*ee id.* at 434, n. 7., 451, 453, district courts in this Circuit have found it to be one of jurisdictionn. *See Keish v. People of New York*, No. 17-CV-7567, 2018 U.S. Dist. LEXIS 98836, at *4 (E.D.N.Y. June 12, 2018) (Brodie, J.) ("A petition brought pursuant to 28 U.S.C. § 2241 must be filed in the district court where the petitioner is incarcerated … This requirement is jurisdictional").

In the case styled *Joseph v. U.S. Att'y. Gen.*, No. 17-CV-5008, 2017 U.S. Dist. LEXIS 199278, at *5 (E.D.N.Y. December 5, 2017) (Chen, J.), this Court *sua sponte* transferred venue in a habeas corpus petition brought by a detainee held in ICE detention in New Jersey. *See id.* ("Since Petitioner is detained in New Jersey, he may challenge his detention by filing a habeas petition in the United States District Court for the District of New Jersey and naming as the defendant his custodian at the Hudson County Correctional Facility."); *see also United States v. George*, No. 10-CR-632, 2016 U.S. Dist. LEXIS 26501, at *14 (E.D.N.Y. March 1, 2016) (Mauskopf, J.) ("A petition pursuant to § 2241 must be filed in the United States district court where the petitioner is in custody… [t]his requirement is jurisdictional"). A "clear majority of district courts sitting in this Circuit have applied [*Padilla*] to habeas petitions filed by incarcerated aliens challenging their physical detention prior to deportation." *Adikov v. Mechkowski*, No. 16-CV-3797 (JPO), 2016 U.S. Dist. LEXIS 92900, at *2-3 (S.D.N.Y. July 18, 2016) (applying *Padilla* and noting that "[b]ecause Petitioner is detained in the District of New Jersey, the [Southern District of New York] lacks jurisdiction over his habeas petition.") (citations omitted).

4

This Court's reasoning in the case styled *Abraham v. Decker*, No. 18-CV-3481 (CBA), 2018 U.S. Dist. LEXIS 117219 (E.D.N.Y. July 12, 2018) (Amon, J.) is applicable here. In *Abraham*, the petitioner—an alien detained by ICE in New Jersey—sought an emergency writ of habeas corpus. *Id.* at *2-3. The petitioner argued that since he was arrested by ICE in the EDNY, and since he was temporarily in Brooklyn for a state court criminal matter at the time he filed his habeas petition, jurisdiction and venue rested in the EDNY. *Id.* at *8. The Court explicitly rejected this argument. *Id.* at *8-9. The Court held that Petitioner's immediate custodian "has been the Director of the Hudson County Correctional Facility since he was detained" and a "brief stint" in Brooklyn does not change this fact. *Id.* at *9. Venue was transferred to New Jersey. *Id.* at *10; *see also Yunga v. Sessions*, No. 18-cv-5357 (Donnelly, J.) (E.D.N.Y. Sept. 24, 2018) (transferring venue even in a "non-core" habeas claim because "the Court has no jurisdiction to review the petitioner's claims under 28 U.S.C. § 2241. Accordingly, the petitioner's petitions for a writ of habeas corpus and temporary preliminary injunction are dismissed.").

Because Plaintiff continues to be detained by ICE in Louisiana, this Court does not have subject matter jurisdiction over this emergency habeas petition. *See Adkiov*, 2016 U.S. Dist. LEXIS 92900, at *3.

      B.      <u>The Eastern District of New York is Not the Proper Venue for this Action</u>

Alternatively, this Court should transfer the case because venue is not proper in this Court. Since the venue for a habeas petition is governed by the location of the petitioner's custodian on the date the petition is filed, venue for Petitioner's habeas petition is only proper in the Western District of Louisiana. *See* 28 U.S.C. §§ 2242, 2243 ("The writ, or order to show cause[,] shall be directed to the person having custody of the person detained.").

It is well-established in this Circuit that habeas petitions arising out of immigration detention are properly venued only in the district of the petitioner's custodian on the date the petition is filed. *See Moldavchuk v. Nielsen*, 18-CV-1606 (ARR), Dkt. No. 9 (E.D.N.Y. Mar. 15, 2018) (Ross, J.) (ordering the transfer of a habeas petition from the Eastern District of New York to the Middle District of Pennsylvania, as the location of the petitioner's custodian on the date the petition is filed was an ICE facility located in the Middle District of Pennsylvania); *Torres-Jurado v. Saudino*, 18-CV-156 (E.D.N.Y. Feb. 13, 2018) (Brodie, J.) (transferring the case to the District of New Jersey, as the petitioner was held in an ICE facility located in the District of New Jersey); *Concepcion v. Aviles,* No. 14 Civ. 8770 (AT), 2015 U.S. Dist. LEXIS 163306, at *2 (S.D.N.Y. Mar. 12, 2015) ("Because Concepcion was detained in and filed his petition from New Jersey, venue lies in the District of New Jersey."); *Zhen Yi Guo v. Napolitano*, 2009 U.S. Dist. LEXIS 79608, at *5 (S.D.N.Y. Sept. 2, 2009) ("Guo was in custody at York County Prison in York, Pennsylvania when he filed his habeas petition … Accordingly, jurisdiction lies only in the United States District Court for the Middle District of Pennsylvania").

There is no dispute that Plaintiff was in ICE detention in Louisiana at the time he filed the instant petition. *See* Compl. at ¶ 6. Further, there is no ICE or other federal custodian in Brooklyn to whom the Court could direct the relief that Plaintiff is seeking here.[5]

In light of the fact that Plaintiff remains in ICE detention in Louisiana, the EDNY is an improper venue for this action. Should the Court dismiss this case for improper venue, it would be without prejudice for Plaintiff to re-file in the Western District of Louisiana. *See Sillah v. Barr*, No. 19-CV-1747 (VEC), 2019 U.S. Dist. LEXIS 48493, at *4 (S.D.N.Y. Mar. 14, 2019) ("the Court agrees with the Government that the District of New Jersey is the proper venue for the Petition as it is currently drafted. The Petition raises both 'core' claims (challenging Mr. Sillah's detention and possible transfer to a different detention facility) and 'non-core' claims (challenging Mr. Sillah's removal). New Jersey is the only district that has 'both (a) territorial jurisdiction over the immediate custodian and (b) venue and personal jurisdiction over the legal custodian' for these claims."); *see also Medina-Valdez v. Holder*, No. 12 Civ. 6002 (RA), 2012 U.S. Dist. LEXIS 143957, at *5-6 (S.D.N.Y. Oct. 1, 2012) (dismissing habeas petition for lack of jurisdiction, without prejudice to refiling in the district of confinement).

## III. This Court Does Not Have Jurisdiction Over the Portion of the Action that Seeks a Stay of Removal

Even if the Court were to find that Plaintiff's motion for emergency relief is not a motion for habeas relief; and even if the Court were to hold that the Eastern District is the proper venue for Plaintiff's motion, this Court still lacks subject matter jurisdiction to review, even indirectly, Plaintiff's final order of removal or to stay the execution of that removal order.

### A. This Court Lacks Jurisdiction to Review, Even Indirectly, Plaintiff's Final Order of Removal

The REAL ID Act of 2005, codified at 8 U.S.C. § 1252, strips district courts of jurisdiction to review a final order of deportation. *See De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615 (2d Cir. 2007). Indeed, under § 1252, the "sole and exclusive means for judicial review of an order of removal" is "a petition for review filed with an appropriate court of appeals. . . ." 8 U.S.C. § 1252(a)(5); *see also Moreno-Bravo v. Gonzales*, 463 F.3d 253, 261 (2d Cir. 2006) (Section 1252 mandates "that 'a petition for review filed with the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of the [INA].' This is unquestionably a jurisdiction-stripping provision, particularly as it relates to habeas jurisdiction."); *Marquez Almanzar v. I.N.S.*, 418 F.3d

---

[5] Even had Plaintiff properly named the warden of the detention facility as the proper respondent (which he did not), said warden would be the Western District of Louisiana, not in the EDNY. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held...."); *Braden v. 30th Judicial Cir. Court of Kentucky*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.").

210, 215 (2d Cir. 2005) (8 U.S.C. § 1252(a)(5) "unequivocally eliminates" habeas corpus review of removal orders from district court).

Although Plaintiff does not style the petition as seeking to challenge the merits of his final order of removal, his claim challenges the Government's execution of that order; therefore, Plaintiff seeks to avoid the order's ultimate import, namely, his actual removal from the United States. As such, the petition raises what amounts to an indirect challenge to his final order of removal, over which this court lacks jurisdiction just as if the claim were explicitly a direct challenge to the order. *See Delgado v. Quarantillo*, 643 F.3d 52, 53 (2d Cir. 2011) ("we hold today that a district court lacks jurisdiction over an indirect challenge to an order of removal").

Here, Plaintiff's motion is barred because, regardless of how he characterizes his request, he seeks to halt his removal. It does not matter how an individual facing removal frames his claims, any challenge to the removal proceedings must be channeled through the petition for review process. *See, e.g., Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012) ("When a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to the ultimate order of removal, district courts lack jurisdiction . . ."); *Delgado*, 643 F.3d 52, 55-6 (2d Cir. 2011) (explaining that a plaintiff may not evade the scope of 8 U.S.C. § 1252(a) by styling her challenge as a mandamus action rather than an explicit challenge to an immigration judge's ruling); *Estrada v. Holder*, 604 F.3d 402, 408 (7th Cir. 2010) (explaining that alien could not evade the scope of 8 U.S.C. § 1252(a) through characterizing claim as an APA challenge).

In a previous attempt to stay his removal, the district court in Connecticut aptly found that "because [Plaintiff] seeks to have the Court stay his removal … with the ultimate goal of staying in the United States, *i.e.* not being removed, the Court, after *Delgado*, does not have subject matter jurisdiction to hear this challenge." *Mamadjonova*, 2019 U.S. Dist. LEXIS 200922, at *18. The same result is warranted here.

> B. This Court Lacks Jurisdiction to Stay the Execution of Plaintiff's Final Order of Removal

And even if the Court concludes that Plaintiff's claim does not constitute an indirect attack on his final order of removal, the court lacks jurisdiction to review the Government's decision to execute his removal order because that decision is an exercise of prosecutorial discretion, the review of which is barred by 8 U.S.C. § 1252(g).

Section 1252(g), as amended by the REAL ID Act, explicitly bars judicial review by district courts of three classes of actions and decisions committed to the government's discretion: the decision to commence removal proceedings, adjudicate cases, and *execute removal orders*. *Reno v. American Anti-Arab Discrimination Committee ("AADC")*, 525 U.S. 471, 482 (1999) (emphasis added); see 8 U.S.C. § 1252(g) (this section entitled "Exclusive jurisdiction," provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien *arising from the decision or action* by the Attorney General to commence proceedings, adjudicate cases, or *execute removal orders* against any alien under this chapter."). The governmental action at issue here squarely falls within the scope of the statute as interpreted by the Supreme Court in

7

*AADC*. There, the Supreme Court expressly held that § 1252(g) applies to those "three discrete actions that the Attorney General may take" that are referenced in the statutory text. *See AADC*, 525 U.S. at 482. Plaintiff challenges one of the three "discrete actions" contemplated by § 1252(g), namely, the execution of his final order of removal, and the statute's jurisdiction-stripping provisions therefore apply.

Plaintiff's motion for a TRO and PI suffered the same fate in the District of Connecticut, where the court correctly found that Plaintiff's challenge to the government's execution of his removal order fell within section 1252(g)'s text and that it lacked jurisdiction over that claim. *See Mamadjonova*, 2019 U.S. Dist. LEXIS 200922, at *19-21. In an attempt to get around the statutory bar, Plaintiff alleged that he was not challenging the Attorney General's discretionary decision to execute his removal order; however, that claim was "belied by" the filing of an "URGENT Request for Temporary Stay or Ruling on TRO Request," and the concern "for [Plaintiff's] imminent removal." *Id*. at *19-20. The Court held that Plaintiff "sought to have the Court enjoin the Attorney General's discretionary decision to have [him] removed," something "the Court cannot do." *Id*. at *20 (citing 8 U.S.C. § 1252(g) and *AADC*, 525 U.S. at 482); *see also Tazu v. AG United States,* 2020 U.S. App. LEXIS 29031, at *16-17 (3d Cir. Sept. 14, 2020) (stating that "[b]y challenging the timing of his removal, he tries to thwart the removal itself," and holding that under § 1252(g) the district court lacked jurisdiction). Plaintiff's motion here similarly seeks to have the Court enjoin his removal, something this Court does not have jurisdiction to do.

Plaintiff filed his motion to stay a final order of removal in an FTCA matter and argues that a stay of removal is warranted because of his tort case. However, Plaintiff cites no case law to support this argument. Indeed, the jurisdiction conferred to the district courts by the FTCA does not also confer jurisdiction to hear other claims that are statutorily barred from judicial review by a district court. Such a bootstrapping maneuver, if permitted, would eviscerate 8 U.S.C. § 1252 and cause perverse immigration results.

To the contrary, the filing of an unrelated tort or civil rights matter does not confer jurisdiction upon a district court to enter a stay of removal. In the matter styled *Gokadze v. Hynes*, an action alleging civil rights violations pursuant to 42 U.S.C. § 1983, Chief Judge Mauskopf held that this District Court lacked jurisdiction, under 8 U.S.C. § 1252, to issue a stay of removal. 2012 U.S. Dist. LEXIS 174725, at *3-4. Chief Judge Mauskopf explained that "[t]his is a defect that cannot be rectified [and] [b]y filing the instant action under the guise of an alleged constitutional tort, plaintiff attempts to create a second avenue for review of the BIA's final order of removal and thereby circumvent the clear mandate of the Real ID Act." *Id*. at *3. Likewise, in the matter styled *Mrina v. ICE*, an FTCA suit that also sought a stay of removal from the country pending the conclusion of the tort matter, the district court severed the immigration petition from the FTCA action and held that it lacked jurisdiction to stay the removal because "[u]nder § 1252(g), a district court lacks jurisdiction to stay an order of removal." 2019 U.S. Dist. LEXIS 86209, at *1-3 (N.D. Tex., Apr. 26, 2019) (citing *Idokogi v. Ashcroft*, 66 F. App'x 526 (5th Cir. 2003)).[6]

---

[6] *See also Vasquez v. United States*, No. 15 CV. 3946 JGK, 2015 U.S. Dist. LEXIS 101114, at *1, *4, *7-10 (S.D.N.Y. Aug. 3, 2015) (holding, in a *Bivens* action alleging, *inter alia*, false arrest and excessive force by ICE agents, that it lacked jurisdiction under § 1252 to grant a stay of removal).

Accordingly, this Court lacks subject matter jurisdiction to adjudicate this request for a stay of removal under 8 U.S.C. § 1252. *See Scott v. Napolitano*, 618 F. Supp. 2d 186, 191 (E.D.N.Y. 2009) (collecting cases noting that the jurisdiction stripping provision of 8 U.S.C. § 1252 extends to "stay[s] of removal, as well").

The Government is prepared to file a full memorandum of law in support of its opposition to Plaintiff's motion for TRO and PI for lack of jurisdiction and improper venue. Additionally, should this portion of the case remain in the EDNY, the Government further reserves its right to raise additional jurisdictional and substantive arguments in response to the merits of Plaintiff's claim.

We thank the Court for its consideration herein.

                                        Respectfully submitted,

                                        SETH D. DuCHARME
                                        Acting United States Attorney

By:          /s/
                                        Matthew J. Modafferi
                                        Assistant U.S. Attorney
                                        (718) 254-6229
                                        matthew.modafferi@usdoj.gov

cc:      Counsel of Record (By ECF)