UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

BAKHODIR MADJITOV,

                          Plaintiff,

          - against -

UNITED STATES OF AMERICA,

IRVING AGUILERA,

AMMAR SYED,

TREVOR GORIAH,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**ANSWER TO
PLAINTIFF'S FIRST
AMENDED COMPLAINT**

Civil Action
No. 20-cv-4394

(Block, J.)
(Reyes, M.J.)

Defendants UNITED STATES OF AMERICA, IRVING AGUILERA, AMMAR SYED, and TREVOR GORIAH (collectively "Defendants"), by and through their attorney, Seth D. DuCharme, Acting United States Attorney, Eastern District of New York, and Matthew J. Modafferi, Assistant United States Attorney, of counsel, answer the correspondingly numbered paragraphs of the First Amended Complaint, upon information and belief, as follows:

<u>IN ANSWER TO THE SECTION TITLED "INTRODUCTION"</u>

1.      The allegations set forth in paragraph 1 of the First Amended Complaint constitute legal conclusions and Plaintiff's characterization of his lawsuit to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, Defendants deny the allegations, except to admit only that Plaintiff purports to proceed and seek relief as stated therein.

2.      Defendants deny the allegations set forth in the first sentence of paragraph 2 of the First Amended Complaint, except to deny knowledge and information regarding all allegations in that sentence that relate to Plaintiff's state of mind, and to admit only that United States

1

Immigration and Customs Enforcement ("ICE") officers, operating under a belief that Plaintiff was subject to a deportation order, attempted to place Plaintiff on a flight to Uzbekistan, and that Plaintiff was noncompliant, forcibly resisted the officers and engaged them.. Defendants deny the allegations in the second, third, and fourth sentences of paragraph 2 of the First Amended Complaint. Defendants deny knowledge or information to form a belief as to the truth of the allegations set forth in the fifth and sixth sentences of paragraph 2, except to admit only that Plaintiff was taken to a hospital later that day.

3.      Defendants deny the allegations set forth in paragraph 3 of the First Amended Complaint.

4.      Defendants admit the allegations set forth in the first and second sentences of paragraph 4 of the First Amended Complaint. Defendants deny the allegations set forth in the third sentence of paragraph 4 of the First Amended Complaint, except Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's family, and admit only that from February 21, 2018 to May 29, 2019, September 11, 2019 to November 19, 2019, and December 1, 2019 to September 17, 2020, Plaintiff was held at the Etowah County Detention Center in Gadsden, Alabama. Defendants deny all allegations set forth in the remaining sentences of paragraph 4 of the First Amended Complaint, except that Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's family, faith, and mental ailments.

5.      The allegations set forth in paragraph 5 of the First Amended Complaint constitute legal conclusions and Plaintiff's characterization of his lawsuit to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, Defendants deny the allegations, except to admit only that Plaintiff has filed a complaint in this action.

IN ANSWER TO THE SECTION TITLED "JURISDICTION AND VENUE"

6.      Paragraph 6 of the First Amended Complaint sets forth Plaintiff's conclusions of law or interpretations of legal grounds for the asserted basis of jurisdiction, to which no response is required.  To the extent that paragraph 6 is deemed to contain allegations to which a response is required, Defendants deny any such allegations.

7.      Paragraph 7 of the First Amended Complaint sets forth Plaintiff's conclusions of law or interpretations of legal grounds for the asserted basis of jurisdiction, to which no response is required.  To the extent that paragraph 7 is deemed to contain allegations to which a response is required, Defendants deny any such allegations, except to admit only that Plaintiff purports to proceed as stated therein.

8.      Paragraph 8 of the First Amended Complaint contains Plaintiff's legal conclusions regarding the presentment and exhaustion requirements under the FTCA, to which no response is required.  To the extent that paragraph 8 of the First Amended Complaint is deemed to contain factual allegations to which a response is required, Defendants deny any such allegations, except to admit only that on February 28, 2020, the United States Department of Homeland Security ("DHS") received a Standard Form 95 from Plaintiff, that DHS has not made a final disposition of the administrative claim, and that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

9.      Paragraph 9 of the First Amended Complaint sets forth Plaintiff's conclusions of law or interpretations of legal grounds for the asserted basis of venue, to which no response is required.  To the extent that paragraph 9 is deemed to contain allegations to which a response is required, Defendants deny any such allegations, except to admit only that John F. Kennedy International Airport ("JFK") is within the geographic boundaries of the Eastern District of New

York.

## IN ANSWER TO THE SECTION TITLED "PARTIES"

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the First Amended Complaint, except to admit only that from December 22, 2017 until September 21, 2020, Plaintiff was in ICE custody, and that this Court denied Plaintiff's Motion for Temporary Restraining Order and Plaintiff was removed to Uzbekistan on September 21, 2020.

11.     Paragraph 11 of the First Amended Complaint contains Plaintiff's legal conclusions regarding the FTCA, to which no response is required.  To the extent paragraph 11 is deemed to contain factual allegations to which a response is required, Defendants deny any such allegations, except to admit only that the United States of America is named as a defendant in this matter.

12.     Defendants deny the allegations set forth in the first sentence of paragraph 12 of the First Amended Complaint, except to admit only that Irving Aguilera, Ammar Syed, and Trevor Goriah are employed by ICE.  Defendants state that the second sentence of paragraph 12 asserts Plaintiff's legal theories for bringing suit against the individual defendants to which no response is required, however, to the extent that the second sentence may be deemed factual allegations to which a response is required, Defendants deny, except to admit only that Irving Aguilera, Ammar Syed, and Trevor Goriah are named as defendants in this matter.

13.     Defendants deny the allegations set forth in first and second sentences of paragraph 13 of the First Amended Complaint, except to admit only that on June 10 and June 11, 2019, Irving Aguilera was a Supervisory Detention and Deportation Officer employed by ICE.  Defendants state that the third sentence of paragraph 13 asserts Plaintiff's legal theories for bringing suit against the individual defendants to which no response is required, however, to the extent that the

third sentence may be deemed factual allegations to which a response is required, Defendants deny, except to admit only that Irving Aguilera is named as a defendant in this matter.

14.     Defendants deny the allegations set forth in the first and second sentences of paragraph 14 of the First Amended Complaint, except to admit only that on June 10 and June 11, 2019, Ammar Syed was a Deportation Officer employed by ICE assigned to escort Plaintiff to his flight and that Plaintiff was seen at Jamaica Hospital Medical Center, in Queens, New York. Defendants state that the third sentence of paragraph 14 asserts Plaintiff's legal theories for bringing suit against the individual defendants to which no response is required, however, to the extent that the third sentence may be deemed factual allegations to which a response is required, Defendants deny, except to admit only that Ammar Syed is named as a defendant in this matter.

15.     Defendants deny the allegations set forth in the first and second sentences of paragraph 15 of the First Amended Complaint, except to admit only that on June 10 and June 11, 2019, Trevor Goriah was a Deportation Officer employed by ICE assigned to escort Plaintiff to his flight and that Plaintiff was seen at Jamaica Hospital Medical Center, in Queens, New York. Defendants state that the third sentence of paragraph 15 asserts Plaintiff's legal theories for bringing suit against the individual defendants to which no response is required, however, to the extent that the third sentence may be deemed factual allegations to which a response is required, Defendants deny, except to admit only that Trevor Goriah is named as a defendant in this matter.

IN ANSWER TO THE SECTION TITLED "STATEMENT OF FACTS" [1]

16.     Defendants deny the allegations set forth in the first sentence of paragraph 16 of

---

[1] Defendants deny the allegations set forth in the sub-heading between "Statement of Facts" and paragraph 16, except to admit only that Plaintiff entered the United States lawfully, timely filed an application for relief from removal, the application was denied, Plaintiff has a final order of removal dated July 24, 2014, and Plaintiff has not complied with ICE's attempts to effectuate Plaintiff's final order of removal.

the First Amended Complaint, except to admit only that Plaintiff entered the United States with a P-3 Visa on March 12, 2006. Defendants deny the allegations set forth in the second sentence of paragraph 16 of the First Amended Complaint, except to admit only that Plaintiff remained in the United States after his visa expired on July 20, 2006, and he filed an application for relief from removal on December 12, 2006.

17.     Defendants deny the allegations set forth in the first sentence of paragraph 17 of the First Amended Complaint, except to admit only that on August 3, 2011, an immigration judge denied Plaintiff's application for relief from removal and ordered him removed. Defendants deny the allegations set forth in the second sentence of paragraph 17, except admit only that following some appeals, the BIA ultimately dismissed Plaintiff's appeal on July 24, 2014. Further, Defendants aver that Plaintiff has been subject to a final order of removal since July 24, 2014.

18.     Defendants deny the allegations set forth in the first sentence of paragraph 18 of the First Amended Complaint, except to admit only that in 2018, Plaintiff filed an amended motion to reopen his asylum action before the Board of Immigration Appeals ("BIA") and, Defendants respectfully refer the Court to the allegations made in Plaintiff's amended motion to reopen his case for the allegations made therein. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 18, except to admit only that Plaintiff's application for relief from removal was denied.[2] Defendants deny the allegations set forth in the remaining sentences in paragraph 18 of the First Amended Complaint, except that Defendants only deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the actions taken by the Uzbekistan government, the

---

[2] The Government cannot confirm or deny the allegations concerning whether a member of Plaintiff's family has/had ties to a terrorist organization.

information that the Uzbekistan government may or may not have, and allegations concerning local police forces in Uzbekistan.

19.    Defendants admit the allegations set forth in the first and second sentences of paragraph 19 of the First Amended Complaint.  Defendants deny the allegations set forth in the remaining sentences in paragraph 19 of the First Amended Complaint, except to admit only that on September 14, 2020, the U.S. Court of Appeals for the Eleventh Circuit denied Plaintiff's Petition for Review.  Defendants respectfully refer the Court to the Eleventh Circuit's decision and its dissent for the contents therein.

20.    Defendants deny the allegations set forth in the first sentence of paragraph 20 of the First Amended Complaint, except to admit only that Plaintiff appealed the dismissal of his habeas corpus action to the U.S. Court of Appeals for the Second Circuit in the action styled *Mamadjonova v. Barr*, Docket No. 19-3971.  Defendants deny the allegations set forth in the remaining sentences of paragraph 20 of the First Amended Complaint, except to admit only that on September 21, 2020, Plaintiff was removed to Uzbekistan and, after his removal, DHS moved to dismiss the appeal and Plaintiff did not oppose this motion to dismiss the appeal.  Defendants respectfully refer the Court to the contents of the appeal and the subsequent actions taken and documents filed in that matter for the substance thereof.

21.    Defendants deny the allegations set forth in paragraph 21 of the First Amended Complaint, except to deny knowledge or information sufficient to form a belief as to the allegations concerning Plaintiff's intentions.  Defendants admit only that on September 21, 2020, Plaintiff was removed to Uzbekistan.[3]

---

[3] Defendants deny the allegations set forth in the sub-heading between paragraphs 21 and 22 of the First Amended Complaint, except to admit only that ICE denied Plaintiff's COVID-19 humanitarian release requests.

22.     Defendants deny the allegations set forth in paragraph 22 of the First Amended Complaint, except to admit only that on March 27, 2020, Plaintiff filed a release request that was denied by ICE on April 6, 2020.  Defendants respectfully refer the Court to the release request and the denial for the contents therein.

23.     Defendants deny the allegations set forth in the first and second sentences of paragraph 23 of the First Amended Complaint, except to admit only that on April 20, 2020, the United States District Court of the Central District of California issued a decision and preliminary injunction order in the *Fraihat* matter, and on May 4, 2020, Supervisory Detention and Deportation Officer Bryan S. Pittman filed a Declaration in the *Archilla* matter filed in the Northern District of Alabama.  Defendants respectfully refer the Court to the *Fraihat* decision and Pittman Declaration for the contents therein.  Defendants deny the allegations set forth in the third and fourth sentences of paragraph 23 of the First Amended Complaint, except to admit only that on June 15, 2020, Plaintiff submitted a request for release on humanitarian grounds which ICE denied that same day. Defendants respectfully refer the Court to the release request and the denial for the contents therein. Defendants deny the allegations set forth in the fifth sentence of paragraph 23, except to admit only that on July 6, 2020, Plaintiff received a positive COVID-19 test result, and aver that after several refusals to take additional COVID-19 tests, Plaintiff tested negative for COVID-19 on September 4, 2020.

24.     Defendants deny the allegations set forth in paragraph 24 of the First Amended Complaint, except to admit only that Plaintiff was placed in the isolation unit on July 6, 2020, as a result of a positive COVID-19 test result and to mitigate the spread of COVID-19, Plaintiff refused re-testing on August 10, 2020, August 18, 2020, and August 24, 2020, but agreed to testing on September 4, 2020, when a negative result was received, and was subsequently released from

isolation.[4]

25.     Defendants deny the allegations set forth in paragraph 25 of the First Amended Complaint, except deny knowledge or information sufficient to form a belief about the truth of the allegations concerning his child, and admit only that on December 22, 2017, special agents with Homeland Security Investigations arrested Plaintiff at his residence in order to effectuate removal pursuant to the Immigration Court's Order.

26.     Defendants deny the allegations set forth in paragraph 26 of the First Amended Complaint, except to admit only that Plaintiff was in custody in the Bristol County Jail in Massachusetts from December 22, 2017 until February 14, 2018, and on February 21, 2018, Plaintiff was transferred to the Etowah County Detention Center in Alabama.

27.     Defendants deny the allegations set forth in paragraph 27 of the First Amended Complaint, except to admit only that in January 2018 Plaintiff filed a motion to reopen his removal proceedings and in March 2018 amended his motion to reopen.  Defendants respectfully refer the Court to the motions for the contents therein.

28.     Defendants deny the allegations set forth in paragraph 28 of the First Amended Complaint, except to admit only that Plaintiff filed a motion for a stay of removal with his amended motion to reopen and that on or about May 31, 2019, the BIA denied his motion for a stay.

29.     Defendants deny the allegations set forth in paragraph 29 of the First Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's understanding, and admit only that on or about May 29, 2019, Plaintiff was transferred from Etowah to the LaSalle ICE Processing Center in Jena, Louisiana,

---

[4] Defendants deny the allegations set forth in the sub-heading between paragraphs 24 and 25 of the First Amended Complaint.

and on June 4, 2019, Plaintiff was transferred to the Hudson County Correctional Center in Kearny, New Jersey.

30.     Defendants deny the allegations set forth in paragraph 30 of the First Amended Complaint, except to admit only that on June 7, 2019, Plaintiff filed a *pro se* motion for a stay of removal with the U.S. Court of Appeals for the Third Circuit.  Defendants respectfully refer the Court to the motion for the contents therein.

31.     Defendants deny the allegations set forth in the first sentence of paragraph 31 of the First Amended Complaint, except to admit only that on June 10, 2019, the Third Circuit issued a temporary stay of removal so that a full panel of the Court could review the motion.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 31 of the First Amended Complaint.  With respect to the remaining sentences of paragraph 31, Defendants deny the allegations, except to admit only that the stay was in place until July 30, 2019, when the Court issued an order vacating it.  Defendants respectfully refer the Court to the Third Circuit docket sheet regarding the filing of the temporary stay.

32.     Defendants deny the allegations set forth in paragraph 32 of the First Amended Complaint, except to admit only that during the evening hours of June 10, 2019, Plaintiff was transported in restraints from the Hudson County Correctional Center to JFK International Airport.

33.     Defendants deny the allegations set forth in the first sentence of paragraph 32 of the First Amended Complaint, except to admit only that Plaintiff was restrained *en route* to the airport, and then escorted into a holding area inside of the airport.  Defendants deny the allegations set forth in the second and third sentences of paragraph 32 of the First Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations

concerning the unidentified officer and Plaintiff's knowledge.  Further, Defendants deny the allegations set forth in footnote 2 of the First Amended Complaint, except to aver and admit only that after refusing to walk and board the plane, Plaintiff became verbally and physically non-compliant, verbally and physically refused to be handcuffed, and failed to comply with verbal warnings that a taser would be used to establish control and compliance, proceeded to attempt to physically engage the officers, at which point Deportation Officer Goriah tased Plaintiff.

34.     Defendants deny the allegations set forth in paragraph 34 of the First Amended Complaint, except to admit only that Plaintiff stated that the Third Circuit had issued a stay of removal.

35.     Defendants deny the allegations set forth in paragraph 35 of the First Amended Complaint, except to admit only that Plaintiff stated that the Third Circuit had issued a stay of removal and Supervisory Detention and Deportation Officer Aguilera advised Plaintiff that he did not have a stay.

36.     Defendants deny the allegations set forth in paragraph 36 of the First Amended Complaint, except to admit only that Plaintiff was taken to a holding area.

37.     Defendants deny the allegations set forth in paragraph 37 of the First Amended Complaint, except to admit only that Plaintiff was placed in a holding area.

38.     Defendants deny the allegations set forth in paragraph 38 of the First Amended Complaint, except to admit only that Plaintiff stated that the Third Circuit had issued a stay of removal and Supervisory Detention and Deportation Officer Aguilera advised Plaintiff that he did not have a stay.

39.     Defendants deny the allegations set forth in paragraph 39 of the First Amended Complaint, except to admit only that Deportation Officers Syed and Goriah escorted Plaintiff

11

unrestrained from JFK holding area to flight departure gate.

40.      Defendants deny the allegations set forth in paragraph 40 of the First Amended Complaint, except to admit only that upon arriving at the gate, Plaintiff refused to walk and board the plane.

41.      Defendants deny the allegations set forth in paragraph 41 of the First Amended Complaint.

42.      Defendants deny the allegations set forth in paragraph 42 of the First Amended Complaint, except to admit only that Plaintiff refused to walk and board the plane, became verbally and physically non-compliant, and verbally and physically refused to be handcuffed.

43.      Defendants deny the allegations set forth in paragraph 43 of the First Amended Complaint, except to admit only that Plaintiff was verbally and physically non-compliant, physically refused to be handcuffed, and failed to comply with verbal warnings that a taser would be used to establish control and compliance.

44.      Defendants deny the allegations set forth in paragraph 44 of the First Amended Complaint, except to admit only that after Plaintiff was verbally and physically non-compliant, the officers attempted to handcuff Plaintiff and were unable to control him from his physical resistance.

45.      Defendants deny the allegations set forth in paragraph 45 of the First Amended Complaint.

46.      Defendants deny the allegations set forth in paragraph 46 of the First Amended Complaint, except to admit only that after Plaintiff became verbally and physically non-compliant, physically refused to be handcuffed, and failed to comply with verbal warnings that a taser would be used to establish control and compliance, Plaintiff attempt to physically engage the law

enforcement officers and Deportation Officer Goriah tased Plaintiff.  Defendants also admit that Plaintiff was placed on the ground and placed in handcuffs.

47.     Defendants deny the allegations set forth in paragraph 47 of the First Amended Complaint.

48.     Defendants deny the allegations set forth in paragraph 48 of the First Amended Complaint.[5]

49.     Defendants deny the allegations set forth in paragraph 49 of the First Amended Complaint, and respectfully refer the Court to the 2018 DHS Policy Statement 044-05 for the contents therein.

50.     Defendants deny the allegations set forth in paragraph 50 of the First Amended Complaint, and respectfully refer the Court to the 2018 DHS Policy Statement 044-05 for the contents therein.

51.     Defendants deny the allegations set forth in paragraph 51 of the First Amended Complaint, and respectfully refer the Court to the ICE 2019 National Detention Standards for Non-Dedicated Facilities and ICE 2011 Performance-Based National Detention Standards (revised 2016) for the contents therein.

52.     Defendants deny the allegations set forth in paragraph 52 of the First Amended Complaint, and respectfully refer the Court to the ICE 2019 National Detention Standards for Non-Dedicated Facilities and ICE 2011 Performance-Based National Detention Standards (revised 2016) for the contents therein.

53.     Defendants deny the allegations set forth in paragraph 53 of the First Amended

---

[5] Defendants deny the allegations set forth in the sub-heading between paragraphs 48 and 49 of the First Amended Complaint.

Complaint, and respectfully refer the Court to the ICE 2019 National Detention Standards for Non-Dedicated Facilities and ICE 2011 Performance-Based National Detention Standards (revised 2016) for the contents therein.[6]

54. Defendants deny the allegations set forth in the first, second and third sentences of paragraph 54 of the First Amended Complaint, except to admit only that Plaintiff was escorted out of the airport and placed in a government vehicle. Defendants deny the allegations set forth in the remaining sentences of paragraph 54 of the First Amended Complaint.

55. Defendants deny the allegations set forth in first two sentences of paragraph 55 of the First Amended Complaint, except to admit only that Plaintiff was placed in the ambulance and spoke with the Emergency Medical Technicians. Defendants deny the allegations in the last two sentences of paragraph 55, except to admit only that Deportation Officers Syed and Goriah, along with Emergency Medical Technicians, escorted Plaintiff to Jamaica Hospital Medical Center.

56. Defendants deny the allegations set forth in paragraph 56 of the First Amended Complaint, except to admit only that Deportation Officer Syed noted the names of the EMTs for inclusion in his incident memorandum.

57. Defendants admit the allegations set forth in paragraph 57 of the First Amended Complaint.[7]

58. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first, second, and third sentences of paragraph 58 of the First Amended Complaint, except to admit only that Plaintiff was placed in a bed and spoke to a nurse.

---

[6] Defendants deny the allegations set forth in the sub-heading between paragraphs 53 and 54 of the First Amended Complaint.

[7] Defendants deny the allegations set forth in the sub-heading between paragraphs 57 and 58 of the First Amended Complaint.

Defendants deny the allegations set forth in the remaining sentences of paragraph 58.

59.    Defendants deny the allegations set forth in paragraph 59 of the First Amended Complaint, except to admit only that Plaintiff was handcuffed to the bed, and aver that the handcuffs were taken off when medical personnel examined Plaintiff.

60.    Defendants deny the allegations set forth in paragraph 60 of the First Amended Complaint

61.    Defendants deny the allegations set forth in paragraph 61 of the First Amended Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff's alleged feelings.

62.    Defendants deny the allegations set forth in paragraph 62 of the First Amended Complaint, and respectfully refer the Court to Plaintiff's hospital records for the contents therein.[8]

63.    Defendants deny the allegations set forth in paragraph 63 of the First Amended Complaint.

64.    Defendants deny the allegations set forth in paragraph 64 of the First Amended Complaint, and respectfully refer the Court to Plaintiff's hospital records for the contents therein.

65.    Defendants deny the allegations set forth in paragraph 65 of the First Amended Complaint, except to admit only that Plaintiff was diagnosed with acute back pain and Plaintiff complained of back pain secondary to being tased.  Defendants respectfully refer the Court to Plaintiff's hospital records for the contents therein.

66.    Defendants deny the allegations set forth in paragraph 66 of the First Amended

---

[8] Defendants deny the allegations set forth in the sub-heading between paragraphs 62 and 63 of the First Amended Complaint.

Complaint.[9]

67.     Defendants deny the allegations set forth in paragraph 67 of the First Amended Complaint, except to admit only that Plaintiff was handcuffed to the bed and permitted to use the restroom.

68.     Defendants deny the allegations set forth in paragraph 68 of the First Amended Complaint, except to admit only that Plaintiff was placed in restraints for transport back to the local jail.[10]

69.     Defendants deny the allegations set forth in paragraph 69 of the First Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's awareness or what he saw, and admit only that on September 11, 2019, Plaintiff was transferred to Etowah County Detention Center.

70.     Defendants deny the allegations set forth in paragraph 70 of the First Amended Complaint.

71.     Defendants deny the allegations set forth in paragraph 71 of the First Amended Complaint, except to aver only that Plaintiff was previously diagnosed with depression.[11]

72.     Defendants deny the allegations set forth in paragraph 72 of the First Amended Complaint, except to admit only that Plaintiff twice submitted humanitarian release requests and ICE denied both requests.  Defendants respectfully refer the Court to the release requests and the

---

[9] Defendants deny the allegations set forth in the sub-heading between paragraphs 66 and 67 of the First Amended Complaint.

[10] Defendants deny the allegations set forth in the sub-heading between paragraphs 68 and 69 of the First Amended Complaint.

[11] Defendants deny the allegations set forth in the sub-heading between paragraphs 71 and 72 of the First Amended Complaint.

16

denials for the contents therein.

### IN ANSWER TO THE SECTION TITLED "CLAIMS"

**In Answer to the "First Claim**
**Federal Tort Claims Act – 28 U.S.C. § 1346(b)**
**Assault"**

73.     Defendants repeat, reiterate, and reallege their responses to paragraphs 1 through 72 of the First Amended Complaint as set forth herein.

74.     Paragraph 74 of the First Amended Complaint consists of legal conclusions and does not contain statements of fact to which a response is required.

75.     Defendants deny the allegations set forth in paragraph 75 of the First Amended Complaint.

76.     Defendants deny the allegations set forth in paragraph 76 of the First Amended Complaint.

77.     Defendants deny the allegations set forth in paragraph 77 of the First Amended Complaint.

78.     Defendants deny the allegations set forth in paragraph 78 of the First Amended Complaint.

79.     Defendants deny the allegations set forth in paragraph 79 of the First Amended Complaint.

80.     Defendants deny the allegations set forth in paragraph 80 of the First Amended Complaint, except to admit only that on June 10, 2019, Defendants Aguilera, Syed, and Goriah were acting in the scope of their employment with the U.S. Immigration and Customs Enforcement.

**In Answer to the "Second Claim**
**Federal Tort Claims Act – 28 U.S.C. § 1346(b)**
**Battery"**

81.      Defendants repeat, reiterate, and reallege their responses to paragraphs 1 through 72 of the First Amended Complaint as set forth herein.

82.      Paragraph 82 of the First Amended Complaint consists of legal conclusions and does not contain statements of fact to which a response is required.

83.      Defendants deny the allegations set forth in paragraph 83 of the First Amended Complaint

84.      Defendants deny the allegations set forth in paragraph 84 of the First Amended Complaint.

85.      Defendants deny the allegations set forth in paragraph 85 of the First Amended Complaint.

86.      Defendants deny the allegations set forth in paragraph 86 of the First Amended Complaint.

87.      Defendants deny the allegations set forth in paragraph 87 of the First Amended Complaint, except to admit only that on June 10, 2019, Defendants Aguilera, Syed, and Goriah were acting in the scope of their employment with the U.S. Immigration and Customs Enforcement.

**In Answer to the "Third Claim**
**Federal Tort Claims Act – 28 U.S.C. § 1346(b)**
**False Imprisonment"**

88.      Defendants repeat, reiterate, and reallege their responses to paragraphs 1 through 72 of the First Amended Complaint as set forth herein.

89.     Paragraph 89 of the First Amended Complaint consists of legal conclusions and does not contain statements of fact to which a response is required.

90.     Defendants deny the allegations set forth in paragraph 90 of the First Amended Complaint.

91.     Paragraph 91 of the First Amended Complaint consists of legal conclusions.  To the extent that paragraph 91 is deemed to contain allegations to which a response is required, Defendants deny the allegations, except to admit only that Plaintiff was in ICE custody on June 10, 2019.

92.     Paragraph 92 of the First Amended Complaint consists of legal conclusions.  To the extent that paragraph 92 is deemed to contain allegations to which a response is required, Defendants deny the allegations, except to admit only that Plaintiff was in ICE custody on June 10 and June 11, 2019.

93.     Paragraph 93 of the First Amended Complaint consists of legal conclusions.  To the extent that paragraph 93 is deemed to contain allegations to which a response is required, Defendants deny the allegations, except to admit only that Plaintiff stated that he had a stay of removal.

94.     Paragraph 94 of the First Amended Complaint consists of legal conclusions.  To the extent that paragraph 94 is deemed to contain allegations to which a response is required, Defendants deny the allegations, except to admit only that Plaintiff stated that he had a stay of removal, he refused to walk and board the plane, became verbally and physically non-compliant, and verbally and physically refused to be handcuffed.

95.     Paragraph 95 of the First Amended Complaint consists of legal conclusions.  To the extent that paragraph 95 is deemed to contain allegations to which a response is required,

Defendants deny the allegations, except to admit only that Plaintiff stated that he had a stay of removal.

96.     Paragraph 96 of the First Amended Complaint consists of legal conclusions. To the extent that paragraph 96 is deemed to contain allegations to which a response is required, Defendants deny the allegations.

97.     Defendants deny the allegations set forth in paragraph 106 of the First Amended Complaint, except to admit only that on June 10, 2019, Defendants Aguilera, Syed, and Goriah were acting in the scope of their employment with ICE.

**In Answer to the "Fourth Claim
Federal Tort Claims Act – 28 U.S.C. § 1346(b)
Intentional Infliction of Emotional Distress"**

98.     Defendants repeat, reiterate, and reallege their responses to paragraphs 1 through 72 of the First Amended Complaint as set forth herein.

99.     Paragraph 99 of the First Amended Complaint consists of legal conclusions and does not contain statements of fact to which a response is required.

100.     Defendants deny the allegations set forth in paragraph 100 of the First Amended Complaint.

101.     Defendants deny the allegations set forth in paragraph 101 of the First Amended Complaint.

102.     Defendants deny the allegations set forth in paragraph 102 of the First Amended Complaint.

103.     Defendants deny the allegations set forth in paragraph 103 of the First Amended Complaint.

104.    Defendants deny the allegations set forth in paragraph 104 of the First Amended Complaint.

105.    Defendants deny the allegations set forth in paragraph 105 of the First Amended Complaint.

106.    Defendants deny the allegations set forth in paragraph 106 of the First Amended Complaint, except to admit only that on June 10, 2019, Defendants Aguilera, Syed, and Goriah were acting in the scope of their employment with ICE.

**In Answer to the "Fifth Claim**
**Federal Tort Claims Act – 28 U.S.C. § 1346(b)**
**Negligence"**

107.    Defendants repeat, reiterate, and reallege their responses to paragraphs 1 through 72 of the First Amended Complaint as set forth herein.

108.    Paragraph 108 of the First Amended Complaint consists of legal conclusions and does not contain statements of fact to which a response is required.

109.    Paragraph 109 of the First Amended Complaint consists of legal conclusions and does not contain statements of fact to which a response is required.

110.    Defendants deny the allegations set forth in paragraph 110 of the First Amended Complaint, except to admit that the officers made inquiries to determine whether Plaintiff had a stay of removal.

111.    Defendants deny the allegations set forth in paragraph 111 of the First Amended Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's wife.

112.    Defendants deny the allegations set forth in paragraph 112 of the First Amended Complaint.

113.     Defendants deny the allegations set forth in paragraph 113 of the First Amended Complaint

114.     Defendants deny the allegations set forth in paragraph 114 of the First Amended Complaint.

115.     Defendants deny the allegations set forth in paragraph 115 of the First Amended Complaint, except to admit only that on June 10, 2019, Defendants Aguilera, Syed, and Goriah were acting in the scope of their employment with ICE.

**In Answer to the "Sixth Claim**
**Federal Tort Claims Act – 28 U.S.C. § 1346(b)**
**Negligent Supervision"**

116.     Defendants repeat, reiterate, and reallege their responses to paragraphs 1 through 72 of the First Amended Complaint as set forth herein.

117.     Paragraph 117 of the First Amended Complaint consists of legal conclusions and does not contain statements of fact to which a response is required.

118.     Defendants deny the allegations set forth in paragraph 118 of the First Amended Complaint, except to admit only that on June 10, 2019, Defendant Aguilera was a Supervisory Detention and Deportation Officer with ICE.

119.     Defendants deny the allegations set forth in paragraph 119 of the First Amended Complaint.

120.     Defendants deny the allegations set forth in paragraph 120 of the First Amended Complaint.

121.     Defendants deny the allegations set forth in paragraph 121 of the First Amended Complaint.

122.     Defendants deny the allegations set forth in paragraph 122 of the First Amended

Complaint

123.    Defendants deny the allegations set forth in paragraph 123 of the First Amended Complaint.

124.    Defendants deny the allegations set forth in paragraph 124 of the First Amended Complaint.

125.    Defendants deny the allegations set forth in paragraph 125 of the First Amended Complaint.

126.    Defendants deny the allegations set forth in paragraph 126 of the First Amended Complaint.

127.    Defendants deny the allegations set forth in paragraph 127 of the First Amended Complaint.

128.    Defendants deny the allegations set forth in paragraph 128 of the First Amended Complaint.

129.    Defendants deny the allegations set forth in paragraph 129 of the First Amended Complaint, except to admit only that on June 10, 2019, Defendant Aguilera was employed by ICE and acting in the scope of his employment.

**In Answer to the "Seventh Claim**
**Federal Tort Claims Act – 28 U.S.C. § 1346(b)**
**Abuse of Process"**

130.    Defendants repeat, reiterate, and reallege their responses to paragraphs 1 through 72 of the First Amended Complaint as set forth herein.

131.    Paragraph 131 of the First Amended Complaint consists of legal conclusions and does not contain statements of fact to which a response is required.

132.    Defendants deny the allegations set forth in paragraph 132 of the First Amended Complaint.

133.    Defendants deny the allegations set forth in paragraph 133 of the First Amended Complaint.

134.    Defendants deny the allegations set forth in paragraph 134 of the First Amended Complaint.

135.    Defendants deny the allegations set forth in paragraph 135 of the First Amended Complaint.

136.    Defendants deny the allegations set forth in paragraph 136 of the First Amended Complaint, except to admit only that on June 10, 2019, Defendants Aguilera, Syed, and Goriah were acting in the scope of their employment with ICE.

**In Answer to the "Eighth Claim**
**Use of Excessive Force in Violation of the Fifth Amendment to the United States**
**Constitution (*Bivens* Action)"**

137.    Defendants repeat, reiterate, and reallege their responses to paragraphs 1 through 72 of the First Amended Complaint as set forth herein.

138.    Paragraph 138 of the First Amended Complaint consists of legal conclusions and does not contain statements of fact to which a response is required.

139.    Paragraph 139 of the First Amended Complaint consists of legal conclusions and does not contain statements of fact to which a response is required.

140.    Defendants deny the allegations set forth in paragraph 140 of the First Amended Complaint.

141.    Defendants deny the allegations set forth in paragraph 141 of the First Amended Complaint.

142.     Defendants deny the allegations set forth in paragraph 142 of the First Amended Complaint.

143.     The last unnumbered "WHEREFORE" paragraph of the First Amended Complaint constitutes Plaintiff's prayer for relief to which no response is required.  To the extent that this paragraph may be deemed to contain factual allegations to which a response may be required, Defendants deny this paragraph in its entirety.

## DEFENSES

### FIRST DEFENSE

The First Amended Complaint should be dismissed to the extent it fails to state a claim upon which relief can be granted against any defendant.

### SECOND DEFENSE

The First Amended Complaint should be dismissed to the extent the Court lacks subject matter jurisdiction.

### THIRD DEFENSE

Plaintiff's claims are subject to, and limited by, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*

### FOURTH DEFENSE

The First Amended Complaint should be dismissed to the extent that Plaintiff's claims are barred pursuant to any applicable exception to the FTCA's waiver of sovereign immunity.

### FIFTH DEFENSE

The First Amended Complaint should be dismissed to the extent Plaintiff failed to exhaust his administrative remedies under the FTCA.

<u>SIXTH DEFENSE</u>

Plaintiff is not entitled to a jury trial against the United States pursuant to 28 U.S.C. § 2402.

<u>SEVENTH DEFENSE</u>

In accordance with the FTCA, the Court lacks subject matter jurisdiction over any claims that the United States violated Plaintiff's constitutional rights.

<u>EIGHTH DEFENSE</u>

Defendants acted lawfully, reasonably, with due care and diligence at all relevant times.

<u>NINTH DEFENSE</u>

The First Amended Complaint alleges wrongful acts or omissions as to which any named federal employees are each qualifiedly immune from suit; therefore, Plaintiff's claims are barred by the doctrine of qualified immunity.

<u>TENTH DEFENSE</u>

The Court may lack jurisdiction over this matter pursuant to 8 U.S.C. § 1252(g).

<u>ELEVENTH DEFENSE</u>

No acts or omissions by the Defendants were the proximate cause of any injury to the Plaintiff.

<u>TWELFTH DEFENSE</u>

The First Amended Complaint should be dismissed to the extent any individually named federal defendant is sued in his official capacity, and thus, is protected by sovereign immunity.

<u>THIRTEENTH DEFENSE</u>

The claims are barred insofar as they challenge an act or omission of a Government employee exercising due care in the execution of a statute or regulation.  28 U.S.C. § 2680(a).

FOURTEENTH DEFENSE

The claims are barred to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty.  28 U.S.C. § 2680(a).

FIFTEENTH DEFENSE

In accordance with 28 U.S.C. § 2674, Plaintiff is not entitled to interest prior to judgment or for punitive damages.

SIXTEENTH DEFENSE

To the extent Plaintiff seeks to recover punitive or exemplary damages, the individually named federal defendants plead the defense of sovereign immunity and lack of subject matter jurisdiction pursuant to 28 U.S.C. § 2674.

SEVENTEENTH DEFENSE

Plaintiff's recovery, if any, is limited to the amount of damages specified in the administrative claim pursuant to 28 U.S.C. § 2675(b).

EIGHTEENTH DEFENSE

Any damage sustained by Plaintiff was proximately caused by the negligent or wrongful acts of individuals or entities who are not parties to this action, of whom the Defendants had no control or right to exercise control.

NINETEENTH DEFENSE

In the event the United States is found to have been negligent, which negligence is denied, the superseding and intervening negligence of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence and the Plaintiff's alleged injury, cutting off the legal effect of the defendant United States' negligence.

<u>TWENTIETH DEFENSE</u>

In the event that the United States is found to have been negligent, which negligence is denied, the negligence of the Plaintiff was the proximate cause of and contributed to any alleged injuries or damages sustained, thereby barring recovery, or alternatively, mandating that any recovery be proportionately reduced.

<u>TWENTY-FIRST DEFENSE</u>

Defendants assert that they have, or may have, additional defenses which are not presently known to it at this time, but which may be ascertained through discovery. Defendants specifically preserve these and other defenses as they may be ascertained through discovery.

WHEREFORE, Defendants respectfully request judgment dismissing the First Amended Complaint in its entirety, and for such other and further relief as this Court may deem just and proper.

Dated:  Brooklyn, New York
        February 4, 2021

                                        SETH D. DuCHARME
                                        Acting United States Attorney
                                        *Counsel for Defendants*
                                        Eastern District of New York
                                        271 Cadman Plaza East, 7th Floor
                                        Brooklyn, New York 11201

                        By:     _____/s/_____
                                        Matthew J. Modafferi
                                        Assistant U.S. Attorney
                                        (718) 254-6229
                                        matthew.modafferi@usdoj.gov


To:     Ahmed Mohamed, Esq. (By ECF)
        Council on American-Islamic Relations, New York Inc.
        *Attorney for Plaintiff*
        46-01 20th Avenue
        Queens, New York 11105

Diana R. Blank, Esq. (By ECF)
New Haven Legal Assistance Association
*Attorney for Plaintiff*
205 Orange Street
New Haven, Connecticut 06510